J-S55026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALLEN GINN, | : | |
| | : | |
| Appellant | : | No. 502 EDA 2014 |

Appeal from the PCRA Order Entered February 4, 2014,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0232991-1993.

BEFORE: BOWES, SHOGAN and OTT, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 21, 2014**

Appellant, Allen Ginn, appeals *pro se* from the order entered on February 4, 2014, that dismissed his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court set forth the relevant facts and procedural history of this matter as follows:

> On October 30, 1995, Petitioner was found guilty by a jury presided over by the Honorable John Poserina of Murder in the Second Degree, Aggravated Assault, Robbery, Criminal Conspiracy, and Possession of an Instrument of Crime - Generally. On January 24, 1996, Petitioner was sentenced to a total of life imprisonment plus ten to twenty years. On December 11, 1997, the Pennsylvania Superior Court affirmed the judgment of sentence, and the Supreme Court of Pennsylvania denied *allocator* on [August 28], 1998.

On August 3, 2005, Petitioner filed a pro se Motion to Vacate Void Judgment for Want of Subject Matter Jurisdiction. On February 2, 2006, the trial judge denied this Motion.

On April 19, 2006, Petitioner filed a document entitled "Notice of Appeal" appealing the Court's February 2006 Order. The document was returned to Petitioner by the appeals unit with a memorandum which stated that the appeal was filed late and that Petitioner had to request *nunc pro tunc* status with the trial judge. The Petitioner did not do so.

The same Motion to Vacate Void Judgment was time-stamped with a new time-stamp dated May 12, 2006, by the Post Conviction Relief Act Unit, after the Motion had been denied by the trial judge as an ordinary motion. Counsel was appointed to represent Petitioner, and a *Turner/Finley* letter was filed. After review, Petitioner's first PCRA was dismissed as untimely on May 15, 2007.

On March 14, 2012, Barbara Ginn, Next Friend of Allen Ginn, filed a *Pro Se* Writ of Coram Nobis. After review, on April 25, 2012, the petition was dismissed under Pa.R.A.P. 501 for lack of standing to file as a non-aggrieved party and Pa.R.Crim.P 901(B) for failure to attach proper verification. Barbara Ginn filed an appeal, which was subsequently withdrawn and discontinued on June 12, 2012.

On August 25, 2013, Petitioner filed the instant petition. After conducting an extensive and exhaustive review of these filings, the record and applicable case law, this Court found that Petitioner's petition for post conviction collateral relief was untimely filed. Therefore, this Court did not have jurisdiction to consider Petitioner's second PCRA petition.

PCRA Court Opinion, 3/18/14, at 1-2. The PCRA court entered an order on February 4, 2014, denying Appellant's petition. On February 18, 2014, Appellant filed a timely appeal.

In this appeal, Appellant raises the following issues for this Court's consideration:

> Post Conviction Relief Act is available to challenge unlawful conviction and illegal sentence. Did the trial court err in applying this concept of the law to Appellant's claims of unlawful commitment and detainment for 'want of jurisdiction'?
>
> Pursuant to 42 § 9544, An issue has been previously litigated if: (a)(3) it has been raised and decided in a proceeding collaterally attacking the conviction and sentence. Did the PCRA Court err in applying this concept of law to Appellant's habeas corpus claims?

Appellant's Brief at 8 (*verbatim*).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005). We will not disturb the PCRA court's findings unless there is no support for them in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, "[b]ecause the time limitations established by the PCRA are jurisdictional in nature, a court lacks jurisdiction to address the claims raised in an untimely petition." **Commonwealth v. Liebensperger**, 904 A.2d 40, 45 (Pa. Super. 2006) (internal citations and quotation marks omitted); 42 Pa.C.S. § 9545(b)(1), (3). The PCRA provides that a petition for relief must be filed within one year from the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). Judgment of sentence becomes final for

purposes of the PCRA at the conclusion of direct review or after the time provided for seeking direct review has lapsed, if no direct review has been taken. 42 Pa.C.S. § 9545(b)(3).

However, the PCRA does provide exceptions to the one-year time bar for filing a petition:

> **(b)  Time for filing petition**. -
>
> > (1)  Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or Laws of the United States;
> > >
> > > (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
> >
> > (2)  Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2). These exceptions must be specifically pled and proved. *Liebensperger*, 904 A.2d at 46.

At the outset, we note that Appellant's statement of questions presented bears little relation to the issues he argues in the argument portion of his brief. This violation of the Pennsylvania Rules of Appellate Procedure is grounds upon which this Court is permitted to find waiver. *Commonwealth v. Levanduski*, 907 A.2d 3 (Pa. Super. 2006); Pa.R.A.P. 2119. However, as we are able to discern the issues from Appellant's PCRA petition and brief on appeal, we will not deem the issues waived, and we will proceed with our discussion.

Here, in Appellant's petition for writ of *habeas corpus*, which the trial court correctly treated as a PCRA petition,[1] Appellant claimed that his rights to a speedy trial, to due process, and to counsel were violated. Petition for Writ of *Habeas Corpus*, 8/29/13, at 14-15; Memorandum of Law in Support of Petition for Writ of *Habeas Corpus*, 8/29/13, at 2. Appellant argues that the issues he raised in his petition for writ of *habeas corpus* fall outside the PCRA, and therefore, he is not subject to the PCRA's timing requirements. Appellant's Brief at 20-24. We disagree.

Initially, an asserted violation of the right to a speedy trial is analyzed as due process claim under the PCRA. *Commonwealth v. Thomas*, 44 A.3d 12, 20-21 (Pa. 2012). Moreover, Appellant has couched his argument

---

[1] The PCRA is intended as the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*." 42 Pa.C.S. § 9542.

regarding his right to a speedy trial in terms of prior counsels' failures, which this Court has held are cognizable under the PCRA. **_Commonwealth v. Prout_**, 814 A.2d 693, 696 (Pa. Super. 2002). Therefore, the PCRA court was correct in concluding that Appellant was required to adhere to the PCRA's timing requirements.

Appellant's judgment of sentence became final on November 26, 1998, ninety days after the Supreme Court of Pennsylvania denied _allocator_ on August 28, 1998, and the time for filing a petition for a writ of _certiorari_ in the United States Supreme Court expired. U.S.Sup.Ct.R. 13. Thus, in order to be considered timely, Appellant's petition needed to have been filed on or before November 26, 1999. However, Appellant's petition was not filed until August 29, 2013, and thus, it was more than fourteen years late and patently untimely.

As noted above, an untimely PCRA petition may be deemed timely if the petitioner pleads and proves one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. Here, however, Appellant has failed to allege, much less prove, that any of the exceptions to the PCRA time bar apply. Therefore, the PCRA court did not err in finding that Appellant's petition was time barred. Consequently, because the PCRA petition was untimely and no exceptions applied, the PCRA court lacked jurisdiction to address the claims presented and grant relief. **_See Commonwealth v._**

*Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that the PCRA court lacked jurisdiction to hear untimely petition). Likewise, we lack jurisdiction to reach the merits of this appeal. *See Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding that the Superior Court lacked jurisdiction to reach the merits of an appeal from untimely PCRA petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2014