**COMMONWEALTH OF PENNSYLVANIA,**
Appellee,

v.

**Joseph PROUT, Appellant.**

Superior Court of Pennsylvania.

Submitted May 20, 2002.
Filed Dec. 20, 2002.

Joseph Prout, appellant, pro se.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Commonwealth, appellee.

Before: McEWEN, P.J.E., CERCONE, P.J.E, and OLSZEWSKI, J.

OPINION PER CURIAM.

¶ 1 Appellant, Joseph Prout, brings this appeal from the order which denied his request for PCRA relief from the judgment of sentence to serve a term of imprisonment of from fifteen years to thirty years, imposed after a jury found him guilty of robbery and criminal conspiracy. On September 16, 2002, a panel of this Court remanded this case back to the trial court for the filing of a supplemental opinion in support of its order. *Commonwealth v. Prout,* 2002 Pa.Super. LEXIS 2790 (filed September 16, 2002) (unpublished memorandum). The trial court has now filed a supplemental opinion but, unfortunately, it does not address our concerns. Therefore, we must again remand this case to the trial court for a discussion of the facts underlying appellant's former Rule 1100 (since renumbered as Rule 600) claim.[1]

¶ 2 The procedural facts of this case were accurately summarized in this Court's prior Memorandum, to wit:

On August 14, 1996, Prout was convicted by a jury of robbery and criminal conspiracy. Post-verdict motions were denied, and Prout was sentenced on March 24, 1997, to an aggregate term of 15 to 30 years imprisonment. Prout filed a direct appeal, and new counsel was appointed to represent him on appeal.

---

**1.** Former Rule 1100, Pennsylvania's speedy trial rule, was re-codified as Pa.R.Crim.P. 600 as of April 1, 2001.

This Court affirmed the judgment of sentence on June 2, 1998. *Commonwealth v. Prout*, 723 A.2d 235 (Pa.Super.1998) (unpublished memorandum). The Pennsylvania Supreme Court denied allowance of appeal on July 23, 1998 [footnote omitted].

On May 10, 1999, Prout filed his first PCRA petition, [footnote omitted] in which he raised various issues of counsel's ineffectiveness. Counsel was appointed to represent Prout, and a "no-merit" [*See Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213, 215 (1988) (*en banc*)] letter was filed indicating the issues raised were without merit. On March 20, 2000, the PCRA court issued notice pursuant to Pa.R.Crim.P. 1507 of its intent to dismiss the petition without a hearing. Prout filed a response objecting to the dismissal without a hearing; nevertheless, the PCRA court denied relief on May 22, 2000, and granted counsel's request to withdraw. [A] timely *pro se* appeal followed.

On appeal Prout argues that: (1) trial counsel failed to request a missing witness instruction when the Commonwealth failed to present the testimony of the victim; (2) trial counsel failed to subpoena the victim for trial; (3) appellate counsel failed to raise these issues on direct appeal; (4) appellate counsel failed to raise the issue of the trial court's error in denying Prout's Rule 1100 motion; (5) appellate counsel failed to argue the sufficiency of the evidence. Prout also argues that all counsel were ineffective in failing to raise and pre-serve the issue that Prout was denied his right of confrontation when hearsay evidence was admitted at trial, instead of the victim's testimony, and that the PCRA court erred in adopting PCRA counsel's no-merit letter in lieu of conducting an independent review.

*Commonwealth v. Prout*, 777 A.2d 507 (Pa.Super.2001) (unpublished memorandum).

¶ 3 With the exception of appellant's Rule 1100 issue all of the above-stated issues were the focus of the prior reviews by this Court. In our prior order of remand we specifically directed the trial court to address appellant's Rule 1100 claim. Upon remand, the trial court found nothing to distinguish this case from the facts in *Commonwealth v. Ginglardi*, 758 A.2d 193 (Pa.Super.2000), and ruled that appellant's Rule 1100 claim was not cognizable.

¶ 4 In *Ginglardi*, a panel of this Court did in fact hold that a Rule 1100 claim cannot form the basis of claim under the Post Conviction Relief Act (PCRA). In light of the decision by the Pennsylvania Supreme Court in *Commonwealth ex rel. Dadario v. Goldberg*, 565 Pa. 280, 773 A.2d 126 (2001), however, we are compelled to the conclusion that this Court's decision in *Ginglardi* is no longer an accurate interpretation of the law.[2] This view is confirmed by the recent Opinion of this Court in *Commonwealth v. Padden*, 783 A.2d 299 (Pa.Super.2001).

¶ 5 In *Padden* the appellant, in the context of a PCRA proceeding, asserted a

---

**2.** Superior Court Internal Operating Procedure 454.A.3. calls for *en banc* consideration when "the issues involved in the appeal are controlled by a prior decision of the Court which should be reconsidered." Although we generally are bound by prior panel decisions of this Court, *Commonwealth v. McCormick*, 772 A.2d 982 (Pa.Super.2001), where, as here, intervening Supreme Court authority calls into question that authority, we are constitutionally bound to follow decisions of the Pennsylvania Supreme Court. *See:* Art 5 § 1 of the Pennsylvania Constitution. *See generally: Commonwealth v. Chimenti*, 510 Pa. 149, 507 A.2d 79 (1986). Consequently, there is no need for *en banc* consideration.

violation of Rule 1405 of the Rules of Criminal Procedure.[3] That Rule provided that a sentence shall be imposed within sixty (60) days of a conviction. The sentence in that case was not imposed until more than eighty (80) days following the conviction. Because this sentencing delay issue was not related to the facts underlying his conviction, the trial court held that the claim "was not cognizable under the PCRA." *Id.* at 314. On appeal, this Court reversed that decision and remanded the matter to the trial judge to "inquire into [the reasons for the delay] in order to determine whether discharge [was] the appropriate remedy." *Id.* at 315. In support of this decision the venerable President Judge Emeritus William F. Cercone, writing for the panel, opined:

> [In *Dadario*] the Court stressed that the proper interpretation of Section 9543(a)(2)(ii) of the PCRA permits *all* constitutionally cognizable claims of ineffective assistance of counsel to be raised in a PCRA proceeding, 565 Pa. at 284–287, 773 A.2d at 129–130. The Court made clear that the phrase "so undermined the truth determining process" as used in Section 9543(a)(2)(ii) of the PCRA "merely represents a statutory adoption of the prejudice standard for Sixth Amendment standard [sic] for ineffectiveness claims as developed in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." 565 Pa. at 286, 773 A.2d at 130. Thus the [*Dadario*] Court held that:

>> if a petitioner claims that he or she was denied the effective assistance of counsel in violation of the Sixth Amendment and Article I, Section 9 of the Pennsylvania Constitution, Section

9543(a)(2)(ii) of the PCRA allows the petitioner to seek relief.

*Id.*

*Commonwealth v. Padden, supra,* 783 A.2d at 315 (Emphasis in original).

■ ¶ 6 In the present case appellant's Rule 1100 claim is of the same analytical type as was the claim in *Padden. (i.e.,* ineffectiveness of counsel for failing to assert appellant's rights under the Rules of Criminal Procedure). Thus, as a result of the holding in *Padden* and the Supreme Court's decision in *Dadario,* we are compelled to the conclusion that appellant's Rule 600 (formerly Rule 1100) claim is cognizable under the PCRA. Therefore, we must remand this case for an examination of the factual basis of appellant's claim, and a determination as to whether those facts entitle him to relief.

¶ 7 Case remanded. Panel jurisdiction retained.

---

**3.** Former Rule 1405, Pennsylvania's speedy sentencing rule, was re-codified as Pa. R.Crim.P. 704 as of April 1, 2001.