J-S51006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MANDIE NEWMAN, | |
| Appellee | No. 1899 MDA 2013 |

Appeal from the Judgment of Sentence September 23, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001679-2013

BEFORE:  BOWES, OTT, and MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 20, 2014**

In this appeal, the Commonwealth contends that the sentencing court erroneously computed the maximum sentence that could be imposed upon Appellee Mandie Newman with respect to a conviction for driving under the influence of alcohol ("DUI") pursuant to 75 Pa.C.S. § 3802(a)(1) (general impairment) where Appellee refused chemical testing and had a prior DUI. The Commonwealth acknowledges that the panel decision in **Commonwealth v. Musau**, 69 A.3d 754 (Pa.Super. 2013), is applicable herein.  In **Musau**, a panel of this Court concluded that a defendant who is convicted of DUI under 75 Pa.C.S. § 3802(a)(1), refused chemical testing for the offense in question, and had a prior DUI could be sentenced to a maximum of only six months.  The Commonwealth maintains that **Musau**

was erroneously decided in that it improperly construed 18 Pa.C.S. § 3803. As we are bound by the decision in question, we affirm.

Appellee was charged with DUI pursuant to 75 Pa.C.S. § 3802(a)(1), which prohibits a person from driving a vehicle after consuming a sufficient amount of alcohol so as to render him incapable of safely driving. The offense was graded as a first degree misdemeanor. Appellee also was charged with escape, flight to avoid apprehension, and failing to have a valid vehicular registration. At approximately 2:30 a.m. on February 1, 2013, West Manchester Township Police Officer Adam Bruckhart was on patrol when he started to follow a Ford Explorer that was travelling north on Kenneth Road. On two occasions, the driver of the Explorer took evasive action, Officer Bruckhart lost sight of it, and the officer had to circle back to find it. The officer eventually found the vehicle parked in front of 1667 Westgate Drive, and he noticed that it had a registration sticker that expired in June 2011. Officer Bruckhart approached the driver, Appellee, and asked for a driver's license, car registration, and proof of insurance. Appellee produced a valid driver's license. She stated that the other information was in her house.

Appellee appeared to be extremely intoxicated and was combative. Officer Bruckhart ordered her to stay in her vehicle, and returned to his cruiser to request backup assistance and to conduct a check on Appellee. He concluded that Appellee had an outstanding bench warrant for writing

bad checks. After backup arrived, Officer Bruckhart returned to the Explorer, but Appellee was gone. Officer Bruckhart located her in her nearby apartment. After being given warnings about the consequences of refusing to undergo blood alcohol content testing, Appellee declined. She had a prior DUI offense.

On July 15, 2013, Appellee pled guilty to the DUI and escape offenses. At Appellee's September 23, 2013 sentencing, the Commonwealth acknowledged that **Musau** prevented imposition of a sentence in excess of six months but contended that it was incorrect. Appellee was sentenced to six months intermediate punishment for the DUI. The Commonwealth appealed the sentence and timely complied with the trial court's directive to file a Pa.R.A.P. 1925(b) statement. On appeal, the Commonwealth presents one contention: "Whether the sentencing court erred when it held that six months for the defendant's driving under the influence (refusal) (2nd offense) conviction was the statutory maximum allowable sentence it could consider." Commonwealth's brief at 4.

The question of the legal maximum sentence for a second DUI conviction involving a BAC refusal relates to the legality of the sentence imposed. **Musau**, **supra**. "Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. Our standard of review over such questions is *de novo* and our scope of

- 3 -

review is plenary." ***Commonwealth v. Akbar***, 91 A.3d 227, 238 (Pa.Super. 2014).

As the Commonwealth concedes, ***Musau***, ***supra***, applies herein. Musau was convicted of DUI general impairment under § 3802(a)(1) and refused BAC testing at the time of his DUI arrest. Musau also had a DUI conviction within the ten years prior to the offense at issue. He was sentenced to ninety days to five years imprisonment, and, on appeal, he contended that the statutory maximum sentence that could be imposed was six months. We agreed and reversed the sentence.

Our decision rested upon application of language in 75 Pa.C.S. § 3803. We reached our result by finding a conflict between 75 Pa.C.S. § 3803(a)(1) and § 3803(b)(4). The first provision states:

> **(a) Basic offenses.--**Notwithstanding the provisions of subsection (b):
>
> (1) An individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties).

75 Pa.C.S. § 3803(a)(1). On the other hand, § 3803(b)(4) provides, "(4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree." 75 Pa.C.S. § 3803(b)(4). A first-degree misdemeanor is punishable by a

- 4 -

maximum of five years imprisonment. 18 Pa.C.S. § 106(b)(6); 18 Pa.C.S. § 1104(1).

The defendant in **Musau** argued that the use of the term "notwithstanding" meant "nevertheless," or "in spite of," and maintained that the explicit language of § 3803(a)(1) overrode § 3803(b)(4)'s indication that a § 3802 (a)(1) conviction with a refusal and a prior DUI could be punishable as a first degree misdemeanor with a five-year maximum. The Commonwealth countered with a different statutory construction that gave § 3803(b)(4) controlling effect over § 3803(a)(1). The panel in **Musau** adopted the interpretation of § 3803 advanced by the defendant and rejected the position that his maximum sentence could be five years. Instead, it ruled that six months imprisonment was the maximum sentence that can be imposed for a second DUI offense involving BAC refusal.[1]

**Musau** applies to Appellee. She was convicted of DUI general impairment under § 3802(a)(1), refused BAC testing, and had a prior DUI. Thus, that case provides that the maximum sentence applicable in this case was six months. The Commonwealth suggests that our decision in **Commonwealth v. Barr**, 79 A.3d 668 (Pa.Super. 2013), compels a different result. However, **Barr** did not involve an interpretation of the

_____

[1] We noted in **Commonwealth v. Concordia**, 2014 PA Super 155 n.1 that the Commonwealth's interpretation of § 3803 was logical.

conflicting provisions of § 3803 and in no way can be construed as invalidating *Musau*. Instead, in that decision, we held that the question of whether a defendant refused BAC testing had to be submitted to a jury and proven beyond a reasonable doubt.

The Commonwealth also implies that the grant of allowance of appeal in *Commonwealth v. Mendez*, 71 A.3d 250 (Pa. 2013), should impact upon our decision herein. In *Mendez*, our Supreme Court agreed to review the propriety of the memorandum decision in *Commonwealth v. Mendez*, 62 A.3d 456 (Pa.Super 2012). In *Mendez*, over President Judge Emeritus McEwen's dissent, we utilized the rules of statutory construction now advanced by the Commonwealth herein. The majority found that § 3803(b)(4) rather than § 3803(a)(1) applied to a § 3802 (a)(1) DUI conviction as a second offense where the defendant refused BAC testing. Our Supreme Court granted review of that decision as follows: "In upholding a sentence that exceeds the statutory maximum explicitly set out in 75 Pa.C.S. § 3803, did not the majority violate the rules of statutory construction in order to avoid what it saw as 'problematic consequences' resulting from a straightforward application of the statute?" *Commonwealth v. Mendez*, 71 A.3d 250 (Pa. 2013).

We cannot read any particular outcome as to this grant of allowance of appeal, and it certainly cannot be viewed as an intention by our Supreme

Court to overrule **Musau** and affirm **Mendez**. Thus, the grant of allowance of appeal has no impact herein.

Using the tools of statutory construction, the Commonwealth also persuasively argues that **Musau** was wrongly decided and suggests that we interpret § 3803 so as to permit a five-year maximum in this case. **See e.g.**, Commonwealth's brief at 13 ("The **Musau** reading of the statue creates absurd results contrary to the legislative intent."). The Commonwealth devotes a significant amount of compelling analysis to support its position that a five-year maximum sentence is permitted in this action. While, as outlined in **Concordia, supra** at n.1, this position may have merit, we cannot overrule **Musau** because we are bound by that decision. Indeed, the Commonwealth acknowledged at the present sentencing hearing that the sentencing court was bound by **Musau**. It complained that **Musau** was wrongly decided.

However, we are no less bound by the **Musau** decision than was the sentencing court herein. As we observed in **Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa.Super. 2006): "It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, **Commonwealth v. Hull**, 705 A.2d 911, 912 (Pa.Super. 1998), except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court. **Commonwealth v. Prout**, 814 A.2d 693, 695 n.2 (Pa.Super. 2002)." We also observed in **Pepe** that, even when our Supreme

Court has granted an appeal for purposes of determining the question before the panel deciding a case, the prior panel's decision nevertheless remains binding. *See also Regis Insurance Co. v. All American Rathskeller, Inc.*, 976 A.2d 1157, 1161 n.6 (Pa.Super. 2009) (Superior Court panel lacked the power to disregard and overrule binding prior panel decision). Hence, we are compelled to affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2014