J. A25043/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
HAKEEM CANADA,   :
  :
            Appellant   :   No. 2648 EDA 2014

Appeal from the Judgment of Sentence August 15, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0010300-2007

BEFORE: DONOHUE, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:         **FILED NOVEMBER 30, 2015**

Appellant, Hakeem Canada, appeals from the judgment of sentence entered in the Philadelphia Court of Common Pleas following the second revocation of his probation. Appellant argues the trial court failed to consider the factors of 42 Pa.C.S. § 9721(b) and imposed an excessive sentence. We affirm.

The trial court summarized the procedural history of this matter as follows. On May 28, 2008, Appellant pleaded guilty to simple assault and terroristic threats[1] "and was sentenced to a negotiated sentence of two years probation on each charge, to run concurrently." Trial Ct. Op.,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2701(a), 2706(a)(1).

11/13/14, at 1. The trial court revoked his probation for the first time on October 20, 2010, finding him in technical violation for, *inter alia*, absconding from the probation department for seven months, "test[ing] positive for marijuana in five consecutive urinalyses," and failing to attend drug treatment, anger management, or vocational training as required. ***Id.*** at 1-2. On the same day, the court imposed a new aggregate sentence of 11½ to 23 months' county imprisonment and three years' probation. Appellant "was warned at this hearing that he would receive a sentence of state incarceration if he violated his probation again." ***Id.*** at 2.

"On October 27, 2011, [Appellant's] new period of probation began." ***Id.*** The court conducted a status listing on July 20, 2012, but because Appellant had not made any payment on his fines and costs, the court continued the hearing to August 22nd and ordered him to make a payment. At the August 22nd hearing, the court learned Appellant "had made only a $10 payment," continued the matter for an additional two days, and ordered him "to make a substantial payment," as well as produce proof "that he was enrolled in school." ***Id.*** Appellant failed to appear at the August 24th hearing, the court issued a bench warrant, and he was apprehended on the warrant one year and ten months later, on June 30, 2014.[2]

---

[2] At the instant VOP hearing, Appellant's counsel stated her belief that Appellant "was at home and one of his children was trying to unlock his cell phone and inadvertently called 911. The police came to the house and arrested [Appellant] on the warrant." N.T. VOP H'rg, 8/15/14, at 11.

The court held the instant probation revocation hearing on August 15, 2014. It revoked Appellant's probation and imposed the underlying consecutive sentences of 1½ to 3 years' imprisonment for terroristic threats and 1 to 2 years' imprisonment for simple assault, to be served in state prison. Appellant filed a timely post-sentence motion, but neither the trial docket nor certified record indicates the trial court ruled on it. Appellant then filed a timely notice of appeal[3] and complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

On appeal, Appellant presents two issues, which we address together. First, he avers the trial court abused its discretion and imposed a manifestly excessive sentence, where he did not commit a new crime and there was no need to vindicate the court's authority. In support, he asserts the following. The imprisonment sentence following Appellant's first revocation of probation ("VOP") "was a wake-up call" and he "completed numerous programs in county custody." Appellant's Brief at 19. Upon release, "[h]e enrolled in and provided probation with a Kaplan student ID" and "[h]is only failure appeared to be payments on his costs and fines." *Id.* at 19-20. Appellant did not appear for the August 24, 2014 VOP hearing because he did not have money to pay his fines and costs and was "fearful he would go to jail for failing to comply." *Id.* He then "had to drop out of Kaplan because of the

---

[3] *See* Pa.R.Crim.P. 708(E) ("The filing of a motion to modify sentence will not toll the 30-day appeal period.").

- 3 -

[trial] court's bench warrant," but nevertheless "found regular work for almost six months," before stopping in March of 2014 in order to stay home to care for his children while his fiancée worked. *Id.* Appellant "stopped using drugs[,] was not committing crimes . . . and was successfully reintegrating himself to society despite having a bench warrant hanging over his head."[4] *Id.* With respect to vindicating its authority, the trial court's opinion "attempts to make much of his non-reporting." *Id.* at 23. Appellant concludes the sentence of "a half decade of incarceration on a young man who was truly getting his life in order, . . . has never been convicted of a felony, was not a danger to the community, was proving he was not likely to commit another crime, and obviously had a troubled youth,[5] places 'form over substance.'" *Id.* at 24.

Appellant's second argument is that the court abused its discretion by failing to consider the factors of 42 Pa.C.S. § 9721(b): his rehabilitative needs, the gravity of the offense, and the need for public protection. Instead, he alleges, the court's sentence "is counterproductive [and] vindictive." *Id.* at 31. Appellant contends that although our Supreme

---

[4] Appellant refers this Court to a book that "discuss[es] in detail the extraordinary difficulty of leading a law-abiding life in Philadelphia while wanted on a warrant." Appellant's Brief at 24 (citing Alice Goffman, ON THE RUN (2014)).

[5] Elsewhere in his brief, Appellant states he had a "difficult childhood as exemplified by the numerous dependency petitions filed on his behalf." *Id.* at 12.

Court's 2014 decision in **Commonwealth v. Pasture**, 107 A.3d 21 (Pa. 2014), "declared that a [VOP court] is not 'cabined' by [42 Pa.C.S. §] 9721, it did not say such individualized considerations were irrelevant." **Id.** at 26. Appellant maintains that in imposing a VOP sentence, a court may not "ignore the fundamental constraints of individualized and proportional sentencing." **Id.** at 26-27. Appellant also cites an annual cost of $40,000 to the Commonwealth for his incarceration—an amount "which dwarfs" his fees and fines—and claims that any deductions of "a few dollars" to pay his fines "from [his prison] account teaches him nothing, and does nothing to increase his likelihood of his successful reintegration." **Id.** We find no relief is due.

Preliminarily, we note Appellant's claim goes to the discretionary aspects of his sentence, and he has preserved this issue for our review. **See Commonwealth v. Colon**, 102 A.3d 1033, 1042-43 (Pa. Super. 2014) (stating that to reach merits of discretionary aspect of sentence issue, we must confirm, *inter alia*, appellant preserved issue, appellate brief includes Pa.R.A.P. 2119(f) statement of reasons for allowance of appeal, statement raises substantial question that sentence is not appropriate under sentencing code, and that claim that probation revocation sentence is excessive in light of underlying technical violations can present substantial question), *appeal denied*, 109 A.3d 678 (Pa. 2015).

This Court has stated:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

*Id.* at 1041 (citations omitted).

Section 9721(b) of the Sentencing Code, "General standards," provides in pertinent part,

> In selecting from the [sentencing] alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court . . . resentences an offender following revocation of probation . . . , the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. . . . Failure to comply shall be grounds for vacating the sentence or resentence and resentencing the defendant.

42 Pa.C.S. § 9721(b).

Section 303.1(b) of the Pennsylvania Code, however, states in part: "The sentencing guidelines do not apply to sentences imposed as a result of the following: . . . revocation of probation, intermediate punishment or

parole."  204 Pa. Code § 303.1(b).

In **Pasture**, the Pennsylvania Supreme Court cited Section 303.1(b)

and stated:

> At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role.  However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence.  For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."  42 Pa.C.S. § 9721. **See Commonwealth v. Reaves**, . . . 923 A.2d 1119, 1129 ([Pa.] 2007) (citing 204 Pa.Code. § 303.1(b) (Sentencing Guidelines do not apply to sentences imposed as result of revocation of probation)).
>
> Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b).  Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:
>
> > (1) the defendant has been convicted of another crime; or
> >
> > (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

*Pasture*, 107 A.3d at 27.

At the instant VOP hearing, the trial court stated:

[Appellant's] entire history with this court has been absconding. He never turned himself in at any point. Obviously, if he was trying to get himself on the right track the first thing he would have done is turn himself in. He doesn't get additional credit for the mistake that was made with the family member, which resulted in the police coming to [his house].

N.T. at 15-16. In its opinion, the court again emphasized Appellant's absconding and failure to comply with the terms of his probation:

[A] sentence of total confinement was necessary to vindicate the authority of the Court. As this Court noted, [Appellant] had been in absconding status for almost his entire period of probation. During [Appellant's] first period of probation, he reported for only 5½ months before absconding for 7 months. Even after [Appellant] turned himself in to the probation department, he reported only sporadically[,] did not comply with the terms and conditions of his probation[,] tested positive for marijuana on multiple occasions and threatened his probation officer with violence. . . .

In his second period of probation, [Appellant] reported for probation for only 10 months[, during which he did not comply with the terms and conditions of his probation. Appellant then] failed to appear in court and absconded for 23 months[. He never turned himself in or reported to probation but instead was arrested on his outstanding bench warrant.] During his entire period of probation, he made only a $10 payment towards his fines and costs despite being ordered by this Court to pay $40 a month. Furthermore, while [Appellant] claimed he was attending school, he never brought any documentation showing that

he was enrolled in school or employed. . . . As this Court noted, [Appellant] had thumbed his nose at this Court whenever he was on probation and therefore a sentence of total confinement was essential to vindicate the authority of this Court.

Trial Ct. Op. at 6-7 (paragraph break added).

Appellant argues, "That Section 9721 does not apply to a violation of probation hearing is wrong." Appellant's Brief at 15. Our Supreme Court stated in **Pasture** that a "revocation court is not cabined by Section 9721(b)'s requirement" to consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." **Pasture**, 83 A.3d at 1040-41. This panel cannot overrule that statement or grant relief inconsistent with it.[6] **See Prout**, 814 A.2d at 695 n.2.

We likewise find no relief due on Appellant's remaining arguments.

---

[6] In December of 2013, a unanimous *en banc* panel of this Court in **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*), cited Section 303.1(b) and stated "parts of [42 Pa.C.S.] § 9721(b) do not govern revocation proceedings." **Id.** at 1040. However, it stated a VOP court must still "follow the general principle [under Section 9721(b)] that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." **Id.** at 1040-41.

Our Supreme Court decided **Pasture** one year later, in December of 2014. "Although we generally are bound by prior panel decisions of this Court, where, as here, intervening Supreme Court authority calls into question that authority, we are constitutionally bound to follow decisions of the Pennsylvania Supreme Court." **Commonwealth v. Prout**, 814 A.2d 693, 695 n.2 (Pa. Super. 2002) (citation omitted).

The claim that he attempted to live a law-abiding life "despite having a bench warrant hanging over his head" denigrates the seriousness of his absconding from the court's authority and ignores the court's extensive discussion of this conduct.  **See** N.T. at 7; Trial Ct. Op. at 6-7; Appellant's Brief at 23-24.  Appellant's policy argument, comparing the Commonwealth's annual cost of imprisoning him and the amount of fines and costs he owes, is a point well taken and should be considered by a trial court. Nevertheless, this Court "give[s] great weight to the sentencing court's discretion," and we hold Appellant has not met the high standard of establishing the court exercised manifestly unreasonable judgment, partiality, prejudice, bias or ill-will.  **See Colon**, 102 A.3d at 1041; **see also** 42 Pa.C.S. § 9771(b).

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2015

- 10 -