J-S28007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| YURIY FAUSTOV A/K/A YURI SKYBA, | |
| Appellant | No. 3105 EDA 2014 |

Appeal from the PCRA Order October 7, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000840-2011

BEFORE:  BOWES, LAZARUS AND PLATT,* JJ.

JUDGMENT ORDER BY BOWES, J.:                **FILED MAY 16, 2016**

Yuriy Faustov a/k/a Yuriy Skyba appeals from the October 7, 2014 order dismissing his PCRA petition.  We affirm.

On October 11, 2008, a Philadelphia police officer saw Appellant drop a green-tinted baggie containing cocaine.  Appellant was charged in this criminal action with one count of possession of a controlled substance. Appellant was found guilty of the offense by the Philadelphia Municipal Court, and, after an appeal, at a non-jury trial.  He was sentenced on September 26, 2011, to one year probation, and, on appeal, we affirmed. ***Commonwealth v. Faustov***, 69 A.3d 1281 (Pa.Super. 2013) (unpublished memorandum).

_____

* Retired Senior Judge assigned to the Superior Court.

On January 30, 2014, after expiration of his probationary period, Appellant filed a timely petition for PCRA relief. The petition was dismissed since Appellant was not then serving a sentence of incarceration, probation, or parole. 42 Pa.C.S. § 9543(a)(1)(i) (in order to be eligible for PCRA relief, a PCRA petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime").

On appeal, Appellant suggests that his averments are not cognizable under the PCRA, and he therefore is eligible for *corum nobis* relief. **See e.g. Commonwealth v. West**, 938 A.2d 1034, 1044 (Pa. 2007) (allowing defendant to proceed by means of writ of *habeas corpus* since PCRA did not provide relief for his claim).[1] Two positions were presented in the PCRA petition. First, Appellant averred that trial counsel was ineffective for failing to advise Appellant that a non-jury conviction would result in his deportation. Ineffectiveness claims are cognizable under the PCRA. **Commonwealth ex rel. Dadario v. Goldberg**, 773 A.2d 126 (Pa. 2001); **see also Commonwealth v. Descardes**, 2016 WL 1249964 (Pa. March 29,

---

[1] The writ of *coram nobis* was the common law writ available for relief from a conviction where the defendant was no longer imprisoned. **Commonwealth v. Descardes**, 101 A.3d 105 (Pa.Super. 2014) (*en banc*). Appellant relies upon **Descardes**, where we held *coram nobis* relief was available to a defendant seeking relief from a guilty plea under **Padilla v. Kentucky**, 559 U.S. 356 (2010). **Descardes** has been reversed by our Supreme Court. **Commonwealth v. Descardes**, 2016 WL 1249964 (Pa. March 29, 2016).

2016). Second, Appellant asserted that prior counsel was ineffective for defectively litigating his rule-based right to a speedy trial. A defendant's complaint that his counsel was ineffective for failing to assert his rights to a speedy trial under the Rules of Criminal Procedure has specifically been held cognizable under the PCRA. ***Commonwealth v. Prout***, 814 A.2d 693 (Pa.Super. 2002).

Since Appellant's claims are cognizable under the PCRA, the PCRA court correctly treated his petition as a PCRA petition. ***Descardes***, ***supra***; ***Commonwealth v. Oliver***, 128 A.3d 1275 (Pa.Super. 2015); 42 Pa.C.S. § 9542. As Appellant is not serving a sentence of probation, parole, or imprisonment, the PCRA court properly ruled that he is not eligible for PCRA relief. ***Commonwealth v. Turner***, 80 A.3d 754 (Pa. 2013).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/16/2016