J. S25002/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MARIO BRANNON, | : | No. 2017 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, October 30, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0010168-2014

BEFORE: FORD ELLIOTT, P.J.E., MUNDY AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JULY 12, 2016**

Mario Brannon appeals from the October 30, 2014 judgment of sentence following his conviction of rape (forcible compulsion), burglary, terroristic threats, indecent assault, and simple assault.[1]

The trial court provided the following facts:

> [T]he attack which gave rise to the instant charges occurred on August 25, 1991. [The victim,] then 21 years old, was a student at the University of Pittsburgh and was living in an off-campus apartment at 340 Atwood Street in Oakland. On the evening of August 25, a man entered her bedroom through an open window, held a knife to her throat and raped her. Because [the victim] never saw her attacker's face, the police were unable to develop a suspect at that time.

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3502(c)(1), 2706(a)(1), 3126(a)(1), and 2701(a)(3), respectively.

Thereafter, on October 23, 1991, [appellant] was extradited to Georgia on a warrant for charges of rape and kidnapping and was eventually tried and convicted of those charges. He continued to be arrested in Georgia on additional charges: on June 1, 1993 for rape and kidnapping; on February 8, 1994 for rape, criminal trespass, escape, giving false information to police and related charges; on August 23, 2001 for battery and criminal trespass; and on March 14, 2002 for failure to appear for prior rape and kidnapping charges. In 2002, [appellant] was sentenced to a term of imprisonment of 40 years and has been incarcerated in Georgia since that time. The investigation was found that [appellant] had no employment or residence in the Commonwealth of Pennsylvania following his initial extradition to Georgia in 1991.

In July, 2013, Detective April Campbell was working on cold cases and submitted a DNA sample taken from [the victim's] bedding for analysis. The analysis returned a match to [appellant.] The within charges were subsequently filed on September 9, 2013 and [appellant] was extradited from Georgia.

Trial court opinion, 7/20/15 at 3-4.

On October 30, 2014, the trial court convicted appellant of the aforementioned crimes following a stipulated non-jury trial. The trial court sentenced appellant immediately following trial to a term of 10-20 years' imprisonment for the rape conviction and 10-20 years' imprisonment for the burglary conviction, to be served consecutively. At the time of trial, appellant was serving a 40-year prison sentence in Georgia, which is due to expire on February 7, 2041. The trial court imposed its sentence to begin immediately, so appellant is currently serving his Georgia and Pennsylvania sentences concurrently. (**See** notes of testimony, 10/30/14 at 18.)

On November 7, 2014, appellant filed a post-sentence motion, which the trial court denied on November 17, 2014. Appellant timely filed a notice of appeal on December 11, 2014. On December 17, 2014, the trial court ordered appellant to produce a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied with the trial court's order on April 24, 2015. The trial court filed an opinion on July 20, 2015, pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

1. Were the consecutive 10-to-20 year sentences of imprisonment imposed on Appellant on October 30, 2014 for the crimes of forcible rape and residential burglary manifestly excessive, and therefore substantively unreasonable under 42 Pa.C.S. § 9781(c)(3), with the appropriate remedy being vacation of the sentences imposed and a remand for a *de novo* re-sentencing hearing?

2. Were the consecutive 10-to-20 year sentences of imprisonment imposed on Appellant on October 30, 2014 for the crimes of forcible rape and residential burglary imposed based on the sentencing court's undue focus on the severity of the underlying criminal acts and based on the sentencing court's misunderstanding of Georgia law on a point that it believed was important to its sentencing decision, thus making those sentences procedurally unreasonable under 42 Pa.C.S. § 9781(c)(3), with the appropriate remedy being vacation of the sentences imposed and a remand for a *de novo* re-sentencing hearing?

3. Should Appellant's motion to dismiss owing to a violation of the Pennsylvania statute of limitations have bene [sic] granted?

Appellant's brief at 3.

Under his first two issues, appellant requests that we review his sentence imposed by the trial court.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

**Commonwealth v. Moury**, 992 A.2d 162, 169-170 (Pa.Super. 2010) (citation omitted).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see

> Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation omitted).

Here, we begin our analysis by determining whether appellant has complied with the procedural requirements of challenging his sentence. First, appellant timely filed his notice of appeal pursuant to Pa.R.A.P. 902 and 903. Second, he properly preserved the issue in a motion to modify sentence which was filed on November 7, 2014. The sentencing court denied appellant's motion on November 17, 2014.

Third, appellant included a Rule 2119(f) statement in his brief, in which he avers that the two sentences that he received for rape and burglary were outside the guidelines. (*See* appellant's brief at 11.) Specifically, appellant notes that the minimum sentence imposed by the trial court was in excess of the maximum sentence in the aggravated range of the sentencing guidelines. (*Id.* at 13.) As the Commonwealth noted on the record, the maximum sentence in the aggravated range of the sentencing guidelines for rape is 106 months and the maximum sentence in the aggravated range of the guidelines for burglary is 36 months. (Notes of testimony, 10/30/14 at 16.) The trial court's minimum sentence of

120 months for each count is clearly in excess of the guidelines. Finally, in light of appellant's Rule 2119(f) statement, we find that appellant has advanced a substantial question. ***See*** 42 Pa.C.S.A. § 9781(c)(3).

> "In every case where the court imposes a sentence outside the sentencing guidelines . . . the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Failure to comply shall be grounds for vacating the sentence and resentencing the defendant." ***Commonwealth v. Rodda***, 723 A.2d 212, 215 (Pa.Super. 1999); 42 Pa.C.S. § 9721(b).

***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa.Super. 2015).

When sentencing appellant, the trial court made the following notation for the record:

> Okay. Although the Court understands that rehabilitation is a part of sentencing and that the defendant's rehabilitative needs should be taken into account, the Court also recognizes that sentencing is just not for the purpose of punishment.
>
> I agree with [the Commonwealth] on some basis that, I don't know, they could parole you tomorrow for all I know. So all things considered what I am going to do at Count 1 I'm going to give you 10 to 20 years effective today; and at Count 2 I'm going to give you 10 to 20 years consecutive to the sentence at Count 1, which means that you are going to have a total of 20 to 40 years. So you would not be eligible for your minimum under my sentence until 2034.

Notes of testimony, 10/30/14 at 17-18.

The trial court's statement does not set forth a demonstration of awareness of the sentencing guidelines. While the Commonwealth did

articulate the guideline sentencing ranges for both counts on the record, at no point did the sentencing court even acknowledge the guidelines. (**See** notes of testimony, 10/30/14 at 16-18.) Additionally, the trial court did not have the benefit of a pre-sentence report as none was prepared. As noted above, failure to provide a contemporaneous written statement of reasons for deviating from the guidelines requires us to vacate the lower court's judgment of sentence and remand the case for resentencing. **See Rodda**, 723 A.2d at 215; 42 Pa.C.S.A. § 9721(b).

We need not address appellant's second issue raised on appeal, as the issue is now moot.

For his third issue, appellant avers that the Pennsylvania Statute of Limitations should have barred prosecution against him. (**See** appellant's brief at 50; 42 Pa.C.S.A. § 5552(b)(1).) Specifically, appellant avers that because he was extradited to Georgia to face prosecution in 1991, the Pennsylvania Statute of Limitations should not have tolled because his absence from Pennsylvania was not "taken with evasive action." (Appellant's brief at 53.)

Appellant concedes that his,

> assertion contravenes a published decision of a three-judge panel of this Court -- specifically, the decision reached in **Commonwealth v. Mascitti**, 534 A.2d 524, 526 (Pa.Super. 1987) (rejecting argument that 42 Pa.C.S. § 5554(1)'s statute-of-limitations tolling provision, said to apply to those who were "continuously absent from th[e] Commonwealth," did not apply to a defendant who

had "left the Commonwealth legitimately to seek new employment and not to escape prosecution, and at no time [sought to] hide his identity or whereabouts"), ***rev'd on other grounds***, 546 A.2d 819 (Pa. 1988).

Appellant's brief at 50-51.

A three-judge panel of this court may not overrule a decision by another three-judge panel unless our supreme court has called the previous panel's decision into question. ***Commonwealth v. Pepe***, 897 A.2d 463, 465 (Pa.Super. 2006), ***appeal denied,*** 946 A.2d 686 (Pa. 2008), ***cert. denied***, 555 U.S. 881 (2008), citing ***Commonwealth v. Hull***, 705 A.2d 911, 912 (Pa.Super. 1998); ***Commonwealth v. Prout***, 814 A.2d 693, 695 n.2 (Pa.Super. 2002). Therefore, we affirm on this issue.

Judgment of sentence vacated. Remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2016

- 8 -