J-S22012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KARL ERNST ROMINGER, | |
| Appellant | No. 1710 MDA 2016 |

Appeal from the Judgment of Sentence August 17, 2016
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0000884-2015

BEFORE:  SHOGAN, MOULTON, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 11, 2017**

Appellant, Karl Ernst Rominger, appeals from the judgment of sentence entered on August 17, 2016, in the Cumberland County Court of Common Pleas.  After careful review, we are constrained to vacate the judgment of sentence and remand for resentencing.

The relevant facts and procedural history of this matter are straight forward.  On February 20, 2015, Appellant was arrested and charged with numerous crimes involving theft, dealing in proceeds of unlawful activities, and misapplication of entrusted property.  Additional similar crimes were subsequently charged.  On May 12, 2016, the information was amended to include eighteen charges of misapplication of entrusted property.  Appellant

_____

[*]  Retired Senior Judge assigned to the Superior Court.

then entered an open guilty plea to one count of theft by deception[1] graded as a felony of the first degree at count seven, and eighteen charges of misapplication of entrusted property[2] graded as second-degree misdemeanors at count ten. N.T., Guilty Plea, 5/12/16, at 2-3. The remaining counts were dismissed. *Id*. at 3.

On August 17, 2016, the trial court imposed sentences of incarceration, concurrent probation, fines, and restitution.[3] The specifics of these sentences will be discussed in detail below. Post-sentence motions were filed and denied, and this timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

In this appeal, Appellant presents the following issues for our consideration:

> A. Whether Appellant's sentence was illegal because the court, as it explained in denying the post-sentence motion, imposed sentences of probation on the count 10 convictions (18 offenses) while aggregating the intended incarceration on each separate count conviction into a single sentence on count 7 (1 offense) in order to permit the probationary sentences and retain local supervision of such sentence for the collection of restitution, which it may not do?

_____

[1] 18 Pa.C.S. § 3922(a).

[2] 18 Pa.C.S. § 4113(a).

[3] The amount of restitution was set at $767,337.05 at the guilty plea colloquy. N.T., 5/12/16, at 9. However, in the sentencing order, the amount of restitution totaled $788,418.95. Order, 8/17/16, at unnumbered 2. On remand this amount will need to be settled.

B. Whether Appellant's sentence is manifestly excessive, too harsh a punishment and unconstitutional because, according to the clerk of courts' docket sheets, the sentence of 5.5 to 18 years' incarceration for theft was close to thrice the outer end of the applicable aggravated range under the guidelines, and the court ignored significant factors of mitigation?

C. Whether Appellant's sentence is manifestly excessive, too harsh a punishment and unconstitutional because, according to the court's order denying the post-sentence motion, the theft sentence of 12 months' imprisonment - which was outside the guidelines - was run consecutively to 18 consecutive 3-month aggravated range minimum sentences for misappropriation of funds, thereby resulting in a clearly unreasonable application of the sentencing guidelines?

Appellant's Brief at 8 (full capitalization omitted).

In Appellant's first issue, he alleges that the sentence imposed by the trial court was illegal. "[A] claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Clarke*, 70 A.3d 1281, 1284 (Pa. Super. 2013) (citation omitted). Moreover, "[i]ssues relating to the legality of sentence are questions of law, and thus, our standard of review is *de novo* and our scope of review is plenary." *Id*.

The sentence imposed by the trial court is as follows:

In light of the information contained in that background, the Court will sentence in the standard guideline -- I'm sorry -- will sentence in the guideline range. In order to accomplish the Court's goal of having local supervision over [Appellant] to ensure payment of restitution, the Court will impose all sentences of incarceration in aggregated form on the sentence

- 3 -

imposed on Count 7; however, the total minimum of the sentence imposed on Count 7 is an aggregate number for each of the nineteen charges for which [Appellant] has been convicted taking into account the sentencing guidelines.

In essence on each of the eighteen counts, [Appellant] will be sentenced to not less than 3 months nor more than 12 months; however, as indicated, that sentence will be aggregated on Count 7. Accordingly, the sentence of the Court on Count 7 is the [Appellant] shall serve no less than 66 months nor more than 18 years in confinement at the State Correctional Institution designated by the State Department of Corrections.

The Cumberland County Sheriff is directed to take [Appellant] into custody forthwith and transport him to the State Correctional Institution at Camp Hill for purposes of classification and effectuation of this sentence.

The sentence of the Court on Count 10 is on each count [Appellant] is sentenced to 12 months probation. On each count the sentence shall run consecutive to each other for a total supervision on Count 10 of eighteen years. That sentence shall run concurrent to the sentence imposed on Count 7.

As a condition of [Appellant's] sentence, he is directed to pay restitution consistent with the presentence investigation. …

N.T., 8/17/16, at 29-30. In the order denying Appellant's post-sentence motions, the trial court expounded upon its rationale for the sentences it imposed:

[Appellant's] sentences were structured to account for the seriousness of [Appellant's] conduct while permitting continued Court supervision of [Appellant] for purposes of monitoring the payment of restitution. This was accomplished by imposing sentences of probation on the Count 10 convictions while aggregating the intended incarceration on each separate count conviction into a single sentence on Count 7 in order to permit the probationary sentences. As such, [Appellant's] Count 7 sentence is technically outside the guidelines, however, in application, it is the total of a standard guideline sentence of 12 months for Count 7 and 18 consecutive 3-month aggravated

range minimum sentences for each of the 18 separate convictions in Count 10 (18 x 3 months + 12 months = 66 months). The sentences were structured in this manner to permit local supervision for a sufficient time for the collection of restitution as imposing a sentence of no less than 3 months nor more than 12 months on each of the 18 convictions at Count 10 would aggregate under statutory law into a state supervised sentence. *See* 42 Pa.C.S.A. § 9762 (aggregate maximum sentences of two years or more shall be committed to the Department of Corrections except in limited circumstances). …

Order, 9/23/16, at 1.

As noted above, the trial court sentenced Appellant to eighteen separate consecutive sentences of three to twelve months of incarceration for the misapplication of entrusted property charges, and it subdivided the single theft conviction into eighteen separate consecutive sentences of twelve months of probation to run concurrently with the sentences for misapplication of entrusted property. This sentence results in a fifty-four month to eighteen-year term of incarceration, to be served concurrently with eighteen separate consecutive twelve-month terms of county probation. However, the trial court states that the sentence results in a sentence of sixty-six months to eighteen years and explains its calculation as follows: "Twelve months + eighteen x three months equals 66 months." Trial Court Opinion, 12/2/16, at 5, n.5. After review, we conclude that the trial court lacked the authority to impose these sentences.

Despite the trial court's arithmetic explanation, we cannot uncover where the additional twelve-month prison term was imposed. The only sentences of total confinement are the eighteen sentences of three months

to twelve months for misapplication of entrusted funds.[4] N.T., Sentencing, 8/17/16, at 30; Sentencing Order, 8/17/16, at unnumbered 1-3. Moreover, even if we assume that the twelve-month sentence was imposed for the one count of theft by deception, there was no authority for the trial court to order a flat, twelve-month sentence of incarceration in the case at bar. *See Commonwealth v. Mitchell*, 986 A.2d 1241, 1244 (Pa. Super. 2009) (stating that flat sentences are generally illegal); 42 Pa.C.S. § 9756.

Finally, we are also constrained to conclude that there is no authority allowing the trial court to direct that county (or state) probation is to be served at the same time as a state sentence of incarceration. We are cognizant that sentences may be ordered to be served consecutively or concurrently:

> **(a) General rule.**--In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:
>
> (1) An order of probation.

---

[4] Additionally, there is a discrepancy in the trial court opinion as to which sentences are for which crimes. The record reflects that theft was graded as a first-degree felony, and misapplication of entrusted funds was graded as a second-degree misdemeanor. Information, 6/23/15; N.T., Guilty Plea (amendment to information), 5/12/16, at 2. At sentencing, the trial court imposed incarceration for the theft graded as a first-degree felony and probation for the misapplication of entrusted funds graded as a second-degree misdemeanor. N.T., Sentencing, 8/17/16, at 30; Sentencing Order, 8/17/16, at unnumbered 1-3. However, in its opinion, the trial court stated that it imposed probation for the felony and incarceration for the misdemeanors. Trial Court Opinion, 12/2/16, at 5.

(2) A determination of guilt without further penalty.

(3) Partial confinement.

(4) Total confinement.

(5) A fine.

(6) County intermediate punishment.

(7) State intermediate punishment.

42 Pa.C.S. § 9721(a). In ***Commonwealth v. Pierce***, 441 A.2d 1218, 1219 (Pa. 1982), our Supreme Court held that 18 Pa.C.S. § 1321(a), the precursor to 42 Pa.C.S. § 9721, empowered a sentencing court to impose the sentencing alternatives consecutively or concurrently. However, in ***Pierce***, the appellant's probation was **consecutive** to incarceration, and ***Pierce*** does not specifically address the situation in the case at bar where county probation was ordered to be served **concurrently** with a state prison sentence. Conversely, ***Commonwealth v. Allshouse***, 33 A.3d 31, 36 (Pa. Super. 2011),[5] confronted this issue directly and stated: "Moreover, we find

_____

[5] The Commonwealth attempts to distinguish ***Allshouse*** by claiming that it dealt with a situation where the defendant was attempting to obtain a windfall by having time spent incarcerated count toward a concurrent sentence of probation. The Commonwealth's Brief at 15. The Commonwealth's argument is misplaced. Indeed, Appellant's subjective intent or desire to have time spent incarcerated count toward a probationary sentence is not presently at issue. Rather, we are concerned with the more prefatory question answered in ***Allshouse***, where this Court held that defendants cannot serve a term of probation and state incarceration simultaneously.
*(Footnote Continued Next Page)*

- 7 -

no support in the Pennsylvania statutes that the General Assembly intended to permit defendants to serve a term of probation and a term of state incarceration simultaneously."[6]

In conclusion, the sentence that the trial court imposed contains a computation error and/or a portion of the sentence that is not clearly explained in the record. More importantly, because there was no authority for the trial court to impose the sentence in its current form pursuant to **Allshouse**, it is illegal, and it must be corrected. **Clarke**, 70 A.3d at 1284.[7] For these reasons, we vacate Appellant's sentence and remand for resentencing in accordance with this memorandum.[8]

_(Footnote Continued)_ _____

[6] **Allshouse** does not cite 42 Pa.C.S. § 9721(a); however, it specifically addresses the issue at hand, and we are bound by prior panel decisions of the Superior Court. **Commonwealth v. Prout**, 814 A.2d 693, 695 n.2 (Pa. Super. 2002).

[7] The trial court's citation to **Commonwealth v. Mitchell**, 955 A.2d 433 (Pa. Super. 2008), Trial Court Opinion, 12/2/16, at 9, is of little import because that case discussed probationary "tails," which are terms of probation following incarceration, violations of probation, and the supervisory responsibilities of the courts of common pleas versus the Pennsylvania Board of Probation and Parole. Here, we do not reach the issue of supervision, as we are faced with the preliminary question concerning the legality of the sentence imposed.

[8] In light of our disposition and order remanding this matter for resentencing, we do not reach Appellant's remaining issues challenging the discretionary aspects of the sentences imposed. However, we point out that there is no specific authority permitting the trial court to parcel out eighteen separate sentences for the single theft conviction. Yet, Appellant has not directed our attention to any authority making this portion of Appellant's

_(Footnote Continued Next Page)_

Vacate and remand for resentencing.  Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2017

---

*(Footnote Continued)* ————————

sentence illegal.  We conclude that this issue may be better addressed in a challenge to the discretionary aspects of Appellant's sentence should the trial court impose this aberrant disposition upon resentencing, and we would then expect the trial court to explain and defend its actions.